IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
June 18, 2008 Session

## ROBERT T. HOGAN v. ILLINOIS CENTRAL RAILROAD COMPANY

Direct Appeal from the Circuit Court for Shelby County
No. CT-000062-06    D'Army Bailey, Judge

No. W2007-01985-COA-R3-CV - Filed August 4, 2008

Plaintiff failed to comply with the trial court's discovery order to produce two witnesses for deposition within forty-five days, and Defendant moved to dismiss under Tennessee Rule of Civil Procedure 37.02. Plaintiff appeals, asserting the trial court abused its discretion where there was no evidence of willful or dilatory conduct by Plaintiff. We vacate and remand.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Vacated and Remanded**

DAVID R. FARMER, J., delivered the opinion of the court, in which ALAN E. HIGHERS, P.J., W.S., and WALTER C. KURTZ, SR. J., joined.

R. Christopher Gilreath, Memphis, Tennessee, for the appellant, Robert T. Hogan.

M. Beth Rainwater, Memphis, Tennessee and Michael C. Hermann, Thomas R. Peters, and Mark R Kurz, Belleville, Illinois, for the appellee, Illinois Central Railroad Company.

### MEMORANDUM OPINION[1]

The only issue presented to this Court on appeal is whether the trial court erred when it dismissed Plaintiff's cause of action for failure to comply with a pre-trial discovery order. The facts relevant to our disposition on appeal are undisputed. From 1960 to 2002, Plaintiff Robert T. Hogan

---

[1]Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

(Mr. Hogan) was employed by Defendant Illinois Central Railroad Company ("the Railroad") as a switchman and general yardmaster. In January 2006, Mr. Hogan filed a personal injury action pursuant to the Federal Employers Liability Act ("FELA") against the Railroad in the Circuit Court for Shelby County. In his complaint, Mr. Hogan alleged the Railroad had failed to provide him with a reasonably safe place in which to work and had failed to provide him with appropriate protective clothing and devices to protect him when working around hazardous material. He further alleged that the Railroad failed to warn him adequately concerning the hazards associated with materials with which he came into contact, and that he was, therefore, unable to take appropriate measures to protect himself. Mr. Hogan additionally asserted the Railroad failed to use appropriate ventilation equipment; failed to publish a safety plan; failed to substitute other reasonably available materials for products containing asbestos and silica; and allowed unsafe handling practices. He asserted the Railroad failed to provide protective devices; failed to test or monitor the work environment; failed to provide locomotives that were in safe working condition; and required employees to work on or near locomotives that were defective because they were contaminated with hazardous materials. He alleged that the Railroad knew or should have known that its facilities, equipment and locomotives contained hazardous materials, and that the exposure to these materials posed a risk to employees. Mr. Hogan alleged that he had endured and will continue to endure physical damages including shortness of breath and reduced lung function as a result of the exposure to hazardous materials, and that he had developed and is at increased risk to develop serious diseases as a result of the exposure. He sought damages in the amount of $750,000.

In February 2006, the Railroad moved to dismiss Mr. Hogan's action for failure to state a claim. In its motion, the Railroad asserted Mr. Hogan's claim was time barred by the three-year statute of limitations applicable to claims brought pursuant to FELA. On February 14, 2006, Mr. Hogan filed an amended complaint asserting that he did not know or have reason to know of his work-related injuries until January 14, 2003, when x-rays indicated lung cancer. In March 2006, the Railroad answered and denied Mr. Hogan's allegations of negligence. It also asserted seven affirmative defenses. The Railroad asserted that the proximate cause of any injuries sustained by Mr. Hogan was his own conduct, including smoking; that Mr. Hogan failed to mitigate any alleged damages; that Mr. Hogan's claim was barred by the statute of limitations; that Mr. Hogan failed to use ordinary care for his own safety; that Mr. Hogan failed to seek medical treatment to resolve his alleged injuries; the comparative fault of third parties; and that Mr. Hogan's claim was barred because it had been released.

The Railroad moved for summary judgment in February 2007. The Railroad attached to its motion Mr. Hogan's responses to the Railroad's first set of interrogatories, which included a diagnostic report and letter completed by Dr. James W. Ballard (Dr. Ballard) of Birmingham, Alabama, concluding that Mr. Hogan's medical condition was consistent with asbestosis and silicosis. In its motion and statement of facts, the Railroad asserted that the only factual basis offered by Mr. Hogan to support his claim of injury was the diagnosis of asbestosis and silicosis made by Dr. Ballard. The Railroad asserted that Mr. Hogan had not sought medical treatment since Dr. Ballard's diagnosis, and that "Dr. Ballard [had] been irrefutably discredited as a physician able to provide a diagnosis of asbestosis or silicosis. . . ." The Railroad asserted that Dr. Ballard had been discredited in multi-district litigation in federal court, which concluded that his diagnoses and findings were unreliable and that a dual diagnosis of asbestosis and silicosis in the same person was

"virtually medically impossible." The Railroad further asserted that Dr. Ballard had been subpoenaed to testify at Congressional hearings on mass tort screenings, and that he had invoked his Fifth Amendment rights against self-incrimination. The Railroad also asserted that Dr. Ballard had opposed its efforts to depose him in another pending FELA action, and that he consistently had invoked his Fifth Amendment rights. The Railroad attached to its motion a 2005 report of the Claims Resolution Management Corporation removing several physicians and facilities, including Dr. Ballad, from its list of acceptable doctors and facilities. The Railroad also attached on order issued by the United States District Court for the Southern District of Texas discrediting the findings and diagnoses of Dr. Ballard in the multi-district litigation. It asserted that Mr. Hogan had therefore failed to offer any credible evidence of causation.

On April 16, 2007, Mr. Hogan responded to the Railroad's statement of facts. In his response, Mr. Hogan asserted that Dr. Ballard had not diagnosed him with both asbestosis and silicosis, but had simply indicated that the medical findings were consistent with both conditions. Mr. Hogan also disputed the Railroad's assertion that Dr. Ballard had provided the only medical evidence in the case, and asserted that Dr. Donald Breyer (Dr. Breyer) had also provided medical evidence of asbestosis and silicosis.

The Railroad's motion for summary judgment was heard on April 19, and the trial court denied the motion by order entered April 26, 2007. The trial court ordered Mr. Hogan to produce Dr. Ballard and Dr. Breyer for deposition within forty-five days of entry of its April 26, 2007, order.

On June 22, 2007, the Railroad moved to dismiss Mr. Hogan's action under Tennessee Rule of Civil Procedure 37.02(C) for failure to comply with the trial court's April 26 order to produce Dr. Ballard and Dr. Breyer for deposition. Mr. Hogan responded to the Railroad's motion to dismiss on or about July 12, 2007. In his response, Mr. Hogan asserted that counsel for Dr. Ballard had advised him that Dr. Ballard was "unwilling to sit for deposition" and would assert his Fifth Amendment rights to refuse to answer any questions which might be posed in a deposition. Mr. Hogan further asserted that he had informed the court that he did not intend to rely on Dr. Ballard. Mr. Hogan stated that Dr. Breyer had been unavailable for deposition due to illness. He attached correspondence from Dr. Breyer dated May 14, 2007, in which Dr. Breyer stated that he was physically unable to sit for deposition but anticipated being available beginning August 1, 2007. Following a hearing on July 13, 2007, the trial court granted the Railroad's motion and dismissed the matter pursuant to Tennessee Rule of Civil Procedure 37.02(C). Mr. Hogan filed a timely notice of appeal to this Court. We vacate and remand.

### Issue Presented

The issue as presented by Mr. Hogan for our review is:

Was it an abuse of discretion for the trial court to dismiss Plaintiff's case with prejudice pursuant to Rule 37.02(C) of the Tennessee Rules of Civil Procedure for failure to produce two witnesses for discovery deposition without a record of dilatory conduct?

### *Standard of Review*

Appellate courts review a trial court's decision to impose sanctions and its determination of the appropriate sanction under an abuse of discretion standard. *Alexander v. Jackson Radiology Assoc., P.A.*, 156 S.W.3d 11, 14 (Tenn. Ct. App. 2004)(citing *Lyle v. Exxon Corp.*, 746 S.W.2d 694, 699 (Tenn. 1988)). An abuse of discretion occurs where the trial court has applied an incorrect legal standard or where its decision is illogical or unreasoned and causes an injustice to the complaining party. *Id.* (citing *Mercer v. Vanderbilt Univ., Inc.*, 134 S.W.3d 121, 131 (Tenn. 2004)). Discretionary decisions, however, "are not left to a court's inclination, but to its judgment; and its judgment is to be guided by sound legal principles." *State v. Lewis*, 235 S.W.3d 136, 141 (Tenn. 2007)(quoting Martha S. Davis, Standards of Review: Judicial Review of Discretionary Decisionmaking, 2 J. App. Prac. & Process 47, 58 (2000) (citations and internal quotation marks omitted)). Thus, an abuse of discretion may be found "'when the trial court has gone outside the framework of legal standards or statutory limitations, or when it fails to properly consider the factors on that issue given by the higher courts to guide the discretionary determination.'" *Id.* (quoting 2 J. App. Prac. & Process at 59).

### *Analysis*

The factual background, procedural history, and issue raised on appeal in this lawsuit, as well as the briefs submitted to this Court, are remarkably similar, and nearly identical, to those found in *Pegues v. Central Illinois Railroad*, No. W2007-01983-COA-R3-CV, 2008 WL 2894836 (Tenn. Ct. App. July 22, 2008).[2] Our analysis of the issue presented in this case, therefore, is identical to our analysis in *Pegues*, and we see no reason to reiterate it here. As in *Pegues*, we do not believe the sanction of dismissal is appropriate where Mr. Hogan has attempted to comply with the trial court's order and where the Railroad does not dispute that Mr. Hogan is within the discovery time allocated in a scheduling order issued by the trial court in April 2007. As in *Pegues*, although Mr. Hogan's time to obtain competent medical proof is not unlimited, and although we take no position on the merits of Mr. Hogan's claim, we cannot agree with the trial court that the harsh sanction of dismissal was appropriate at this juncture of the proceedings.

### *Holding*

---

[2] *Pegues* and the present case appear to have been tried in tandem in the trial court. The transcripts included in the record in both cases indicate that the cases were discussed simultaneously in the trial court.

In light of the foregoing, the order of the trial court dismissing this matter is vacated. This cause is remanded for further proceedings. Costs of this appeal are taxed to the Appellee, Illinois Central Railroad Company.

_____

DAVID R. FARMER, JUDGE